OPINION
{¶ 1} This matter is before the court on the Notice of Appeal of Robbie Lee Turner filed December 28, 2005. Robbie Lee Turner entered a guilty plea to one count of Having Weapons Under Disability (prior drug conviction), a felony of the third degree. On December 6, 2005, Turner was sentenced to two years in prison. Turner appeals his sentence, asserting two assignments of error as follows:
 {¶ 2} "THE TRIAL COURT ERRED IN RULING THAT THE STATE MET ITS BURDEN OF PROOF THAT PROPER WARNINGS WERE GIVEN TO DEFENDANT UNDER MIRANDA V. ARIZONA, 384 U.S. 436; 86 S.CT., 1602; 16 L.ED.2D 694 (1966). and,
 {¶ 3} "THE TRIAL COURT ERRED IN RULING THAT THE STATE MET ITS BURDEN OF PROOF THAT STATEMENTS WERE VOLUNTARILY GIVEN TO LAW ENFORCEMENT OFFICERS."
 {¶ 4} We shall address these assignments of error together. Turner argues that the City of Kettering's failure to use audio and video taping accessible to them during his interrogation renders his confession inadmissible. He also argues that the law should be changed so that his guilty plea is not a bar to this court's consideration of the merits of his argument.
 {¶ 5} However, the law is clear. Crim.R. 11(B)(1) provides that "a plea of guilty is a complete admission of the defendant's guilt." Thus, Turner has waived his right to appeal the court's ruling on his motion to suppress. A defendant who enters a voluntary plea of guilty waives all non-jurisdictional defects in prior stages of the proceedings. State v. Brooks, Montgomery App. No. 19152, 2002-Ohio-5527 (internal citations omitted). Counsel for Turner recognizes this waiver occurred but argues for a change in the law, suggesting Turner's plea was "factually coerced." This argument is made without any legal authority to support it and is entirely inconsistent with years of binding precedent.
 {¶ 6} Lastly, counsel asserts he is bringing this brief underAnders v. California, 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493 (1967). In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines an appeal to be wholly frivolous, he or she should so advise the court and request permission to withdraw. This was not done in this matter. Accordingly, we decline to independently review the record, as counsel has set forth two assignments of error.
 {¶ 7} Turner's assignments of error are overruled and the judgment of conviction is affirmed.
Wolff, J. and Fain, J., concur.